T.C. Summary Opinion 2017-50

UNITED STATES TAX COURT

CAROL SUE WALKER AND THEODORE PAUL WALKER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30549-15S.                     Filed July 12, 2017.

Carol Sue Walker and Theodore Paul Walker, pro sese.

Janice B. Geier, Peter R. Hochman, David Lau, and Erik W. Nelson, for

respondent.

SUMMARY OPINION

PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated September 18, 2015, respondent determined a deficiency of $12,924 in petitioners' 2014 Federal income tax and a section 6662(a) accuracy-related penalty of $2,584.

After concessions,[2] the issue for decision is whether petitioners are required to repay advance premium tax credit payments totaling $12,924 for 2014.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts by this reference.  Petitioners resided in California when their petition was timely filed.

---

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent conceded the accuracy-related penalty.  The notice of deficiency also determined that petitioners underreported their Social Security income by $3.  Petitioners did not address this in their petition; thus this issue is deemed conceded.  See Rule 34(b)(4).

Petitioners enrolled in health insurance for 2014 though Covered California, a health insurance Marketplace.[3]  Petitioners were enrolled in a health insurance plan with Anthem Blue Cross for all of 2014.  Petitioner's monthly premium for Anthem Blue Cross was $1,378.  Petitioners elected to receive a monthly advance premium tax credit (APTC) of $1,077 to cover part of the cost of the monthly premium; this amount was paid on behalf of petitioners directly to Anthem Blue Cross.

Petitioners timely filed for 2014 a joint Form 1040A, U.S. Individual Income Tax Return, dated February 4, 2015.  Petitioners reported (1) wage income of $16,918, (2) a taxable pension or annuity distribution of $27,192, and (3) Social Security income of $31,089, of which $19,307 was taxable.  Petitioners reported adjusted gross income (AGI) of $63,417.[4]

After the filing of the 2014 return, petitioners separately mailed a Form 1095-A, Health Insurance Marketplace Statement, and a Form 8962, Premium Tax Credit (PTC), each of which respondent received on October 14, 2015.

---

[3]A health insurance Marketplace, also known as an "Exchange", is a State or federally run program where taxpayers can purchase health insurance.  Internal Revenue Manual pt. 21.6.3.4.2.16.1(1) (Oct. 1, 2014).

[4]$16,918 wage income + $27,192 taxable pension or annuity distribution + $19,307 taxable Social Security income = $63,417 AGI.

Petitioners' Form 1095-A reflected monthly APTC payments of $1,077, totaling $12,924. Petitioners' Form 8962 reported modified adjusted gross income (MAGI) of $75,199, which included the nontaxable portion of Social Security income and reflected a family size of two persons.[5]

In the notice of deficiency respondent determined that petitioners were ineligible for the PTC because their MAGI for 2014, $75,199, exceeded 400% of the Federal poverty line amount for their family size. Petitioners timely filed a petition in which they asserted that they were informed by Covered California that they qualified for insurance coverage through Anthem Blue Cross for 2014. Petitioners also assert that they would not have purchased insurance through Covered California if they had known that they did not qualify for the PTC.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners did not allege

---

[5]$63,417 AGI + $11,782 nontaxable Social Security income = $75,199 MAGI.

or otherwise show that section 7491(a) applies.  See sec. 7491(a)(2)(A) and (B).

Therefore, petitioners bear the burden of proof.  See Rule 142(a).

In 2010 the Patient Protection and Affordable Care Act (ACA), Pub. L. No. 111-148, 124 Stat. 119 (2010), became law.  ACA sec. 1401(a), 124 Stat. at 213, enacted section 36B, which allows a refundable tax credit, known as the PTC.[6] The PTC assists eligible taxpayers with the costs of their premiums for health insurance purchased through an Exchange.  See id.

A taxpayer generally qualifies for the PTC if he has household income that is equal to an amount that is at least 100%, but not greater than 400%, of the Federal poverty line amount for the taxpayer's family size for the taxable year.[7] Sec. 36B(c)(1)(A); sec. 1.36B-2(b)(1), Income Tax Regs.  The Federal poverty line amount is established by the most recently published poverty guidelines in effect on the first day of the open enrollment period preceding that taxable year. Sec. 36B(d)(3); sec. 1.36B-1(h), Income Tax Regs.

---

[6]The PTC is available for tax years ending after December 31, 2013.  See Patient Protection and Affordable Care Act, Pub. L. No. 111-148, sec. 1401(e), 124 Stat. at 220 (2010).

[7]There are certain exceptions to this general rule, none of which is relevant here.  See, e.g., sec. 36B(c)(1)(B); sec. 1.36B-2(b), Income Tax Regs.

Household income is defined as the MAGI of the taxpayer plus the MAGI of family members (1) for whom the taxpayer properly claims deductions for personal exemptions and (2) who were required to a file a Federal income tax return under section 1. Sec. 36B(d); sec. 1.36B-1(d), (e)(1), Income Tax Regs. MAGI for purposes of eligibility for the premium tax credit is determined by adding to AGI the following amounts, which are normally excludable from income: "(i) Amounts excluded from gross income under section 911; (ii) Tax-exempt interest the taxpayer receives or accrues during the taxable year; and (iii) Social security benefits (within the meaning of section 86(d)) not included in gross income under section 86." Sec. 1.36B-1(e)(2), Income Tax Regs.; see also sec. 36B(d)(2)(B).

ACA sec. 1412, 124 Stat. at 231, allows the Secretary to authorize advance payments of the PTC, known as the APTC, on behalf of qualifying taxpayers. In such circumstances, a taxpayer elects to have the Bureau of the Fiscal Service pay the APTC directly to his insurance carrier to help cover the cost of insurance premiums during the year. Internal Revenue Manual pt. 21.6.3.4.2.16(6) (Oct. 1, 2014). The amount of the payment is based upon the Exchange's estimate of the PTC which the taxpayer may be entitled to claim on his return. The APTC may

cover some or all of the taxpayer's monthly premiums for a health insurance plan. ACA sec. 1412, 124 Stat. at 231-233.

When preparing his income tax return, a taxpayer who has received the APTC is required to reconcile the APTC payments made during the year with the amount of the PTC for which he is actually eligible. If the total APTC payments exceed the amount of the PTC for which he is eligible, he owes the excess as a tax liability, subject to a repayment limitation in section 36B(f)(2)(B). ACA sec. 1401(a), 124 Stat. at 219; sec. 36B(f)(2)(A); sec. 1.36B-4(a)(1), Income Tax Regs. This repayment limitation applies only to taxpayers whose household income is less than 400% of the Federal poverty line amount.[8] Sec. 36B(f)(2)(B)(i); sec. 1.36B-4(a)(3), Income Tax Regs.

Petitioners, who have a household size of two persons and were each required to file a Federal income tax return, reported MAGI of $75,199; this amount is greater than $62,040, 400% of the Federal poverty line amount

---

[8]The repayment limitation provides that the amount to be repaid is limited to the following amounts on the basis of household income (expressed as a percentage of the poverty line amount): (1) $600 if household income is less than 200%; (2) $1,500 if household income is at least 200% but less than 300%; and (3) $2,500 if household income is at least 300% but less than 400%. These dollar amounts are reduced by one-half in the case of unmarried individuals whose tax is determined under sec. 1(c). The section also provides that these amounts are indexed. Sec. 36B(f)(2)(B); see also sec. 1.36B-4(a)(3), Income Tax Regs.

applicable for the year in issue.[9]  See secs. 1, 36B(c)(1)(A), (d); sec. 1.36B-1(d),

(e), (h), Income Tax Regs.  Because petitioners' household income for their family

size is greater than 400% of the Federal poverty line amount, they do not qualify

for the PTC.  See sec. 36B(a), (c)(1)(A); sec. 1.36B-2(a) and (b)(1), Income Tax

Regs.  Since petitioners qualify for zero of the PTC, they owe the excess of the

APTC payments made on their behalf, the entire $12,924, as a tax liability.  See

sec. 36B(f)(1) and (2); sec. 1.36B-4(a)(1), Income Tax Regs.  Petitioners are not

subject to the repayment limitation because their household income is greater than

400% of the Federal poverty line amount.  See sec. 36B(f)(2)(B)(i); sec. 1.36B-

4(a)(3), Income Tax Regs.

---

[9]The Federal poverty line amount for 2013 for a household of two people, for the 48 contiguous States and District of Columbia, was $15,510.  The applicable Federal poverty guidelines were referred to in the instructions for Form 8962.  The Federal poverty guidelines are revised at least annually and are released by the Department of Health and Human Services.  42 U.S.C. sec. 9902(2), (4) (1998).  The Federal poverty guidelines for 2013 can be found at https://www.federalregister.gov/documents/2013/01/24/2013-01422/annual-update-of-the-hhs-poverty-guidelines.

As previously indicated, the Federal poverty line refers to the most recently published Federal poverty guidelines in effect on the first day of the open enrollment period preceding that taxable year; thus for petitioners we apply the Federal poverty guidelines in effect during 2013.  See sec. 36B(d)(3); sec. 1.36B-1(h), Income Tax Regs.

We note that it appears that Covered California may have incorrectly informed petitioners that they were eligible for the APTC for 2014.[10] We are not unsympathetic to petitioners' plight; however, we are bound by the statute as written and the accompanying regulations when consistent therewith. Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986); Brissett v. Commissioner, T.C. Memo. 2003-310, 2003 WL 22520105, at *3. The simple facts are that petitioners' MAGI exceeded eligible levels and that they must repay the APTC payments made on their behalf. Accordingly, we sustain respondent's determination.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[10]Petitioners also testified that Covered California erroneously terminated petitioner wife from her healthcare plan in 2015. The State of California SDSS State Hearings Division ordered that Covered California re-instate her healthcare coverage for 2015. Petitioners present this information to highlight additional errors made by Covered California. While indeed errors may have been made, this information does not relate to petitioners' eligibility for the PTC for 2014. See sec. 36B(c)(1)(A); sec. 1.36B-2(b)(1), Income Tax Regs. Therefore, this information was not considered by the Court.